EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E.J., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; [FIRST | ) |
| NAME UNKNOWN] RODRIGUEZ, in his | ) |
| individual capacity; [FIRST NAME | ) |
| UNKNOWN] WILLIAMS, in her individual | ) |
| capacity; [FIRST NAME UNKNOWN] LEWIS, | ) |
| in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

**INTRODUCTION**

1.      Plaintiff E.J. served a sentence in the Bureau of Prisons and was housed at Federal Correctional Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for approximately two years. She was also subsequently housed at Federal Correctional Complex Victorville ("FCC Victorville").

2. While housed at FCI Dublin and FCC Victorville, Plaintiff E.J. faced constant sexual harassment, culminating in multiple instances of sexual abuse and long-lasting traumatization.

3. Other staff members at FCI Dublin and FCC Victorville, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. As a result, Plaintiff E.J. suffers from long-lasting trauma.

**JURISDICTION AND VENUE**

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff E.J. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

**PARTIES**

9. Plaintiff E.J. was at all times relevant here incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. Defendant [First Name Unknown] Rodriguez was, at all times relevant hereto, a correctional officer. He is sued in his individual capacity.

12. Defendant [First Name Unknown] Williams was, at all times relevant hereto, a correctional officer. She is sued in her individual capacity.

13. Defendant [First Name Unknown] Lewis was, at all times relevant hereto, a correctional officer. He is sued in his individual capacity.

14. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff E.J. Plaintiff E.J. was dependent upon Defendant United States for her personal security and necessities.

15. In performing the acts and/or omissions contained herein, Defendants Rodriguez, Williams, and Lewis acted under color of federal law, and Plaintiff E.J. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff E.J. Defendant United States knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff E.J. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendant United States failed to take steps to protect Plaintiff E.J. and to ensure her rights to safety from sexual abuse.

## FACTS

16. From April 2023 through April 2024, Plaintiff E.J. was incarcerated at FCI Dublin.

17. During that time, Plaintiff E.J. became intimately familiar with why it was known as "the Rape Club".

18. She experienced sexual harassment and abuse from guards regularly and saw such abuse happening to other women at Dublin.

19. On or about June 12, 2023, Lieutenant Stephen Putnam, Mr. Ferguson, and an officer known as "Officer B," due to his long last name, forced Plaintiff E.J. to ask around to determine which prisoners were trying to report the officers.

20. They threatened to take away her good time credits if she did not comply.

21. Plaintiff E.J. was terribly conflicted.

22. It was dangerous for Plaintiff E.J. to tell these officers which prisoners had reported officers for sexual abuse because she would be labelled a "snitch", which in prison could be life-threatening.

*E.J. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 3

23. In addition, she feared for the safety of the women who were supposed to be allowed to report anonymously.

24. At the same time, she was concerned that if they took her good time credit away, she could be confined at FCI Dublin for even longer and subject to sexual abuse and retaliation.

25. She also feared being put in SHU.

26. Plaintiff E.J. felt she had no choice but to comply, and she told the officers which prisoners were reporting their sexual abuse at Dublin.

27. She also told them about an officer who brought drugs into the facility for prisoners.

28. Plaintiff E.J. witnessed the officers send those reporting prisoners to SHU and also witnessed the officers destructively searching those prisoners' rooms.

29. Prisoners began to suspect Plaintiff E.J. as a "snitch" and stopped speaking to her.

30. She feared that she would be the victim of violent attacks for being labeled a snitch.

31. Plaintiff E.J. worked with Officer Malone in the Education Department beginning in August 2023.

32. Officer Malone regularly threatened her.

33. Officer Malone told Plaintiff E.J. that she had no rights at the facility, and that she knew about the Dublin lawsuits and that those did not scare her.

34. She told Plaintiff E.J. that if she got on Officer Malone's bad side, Officer Malone would throw her in the Special Housing Unit ("SHU") and give her an additional charge.

35. Around August or September 2023, Officer Malone confronted Plaintiff E.J. in the library and got face-to-face with her.

36. She told Plaintiff E.J. that she owned her and that she lived in Officer Malone's world.

37. Officer Malone threw books and started cursing.

38. Due to Officer Malone's erratic and violent behavior, Plaintiff E.J. was in imminent fear that Officer Malone would hurt her.

39. However, Officer Sharma, Plaintiff E.J.'s counselor, told Plaintiff E.J. that if she filed administrative remedies, her good time credits would be revoked.

40. Plaintiff E.J. tried transferring to camp beginning in July 2023.

41. In September or October 2023, her points were low enough to be transferred.

42. Officer Sharma told Plaintiff E.J. that there was an institutional hold on her and that she was too valuable to move, as Plaintiff E.J. was teaching multiple classes in the education department at that time.

43. Other officers told Plaintiff E.J. that if she wanted to have her holds removed, she would have to bring them information about which officers were sexually abusing prisoners or bringing drugs into the facility.

44. Even after she provided this information, at continued personal risk to her safety, they still did not remove the holds that would allow her to transfer.

45. Plaintiff E.J. lived in constant fear that she would be the victim of sexual abuse, and beginning in February of 2024, she was.

46. On or about February 16, 2024, Defendant Rodriguez opened the curtain while Plaintiff E.J. showered to leer at her naked body.

47. He began to do this regularly, each time opening the curtain, stepping back, and watching her shower.

48. This occurred on approximately fifteen occasions.

49. On each occasion, Plaintiff E.J. was placed in imminent fear that Defendant Rodriguez would touch her without her consent and sexually batter her.

50. When she was eventually transferred out of Dublin in April 2024, Defendant Williams performed an inappropriate strip search on her.

51. She told Plaintiff E.J. to spread her legs to show her vagina and made sexually suggestive comments such as, "Mmm, yeah, like that; open wider; open bigger." Defendant Williams also licked her lips.

52. Plaintiff E.J. was placed in imminent fear that Defendant Williams would sexually batter her.

53. Plaintiff E.J. never reported this incident for fear of retaliation.

54. Upon arrival to Victorville, Plaintiff E.J. was strip-searched by Defendant Lewis, who directed her to show her clitoris during her search.

55. Plaintiff E.J. was again placed in imminent fear that Defendant Lewis would sexually batter her.

56. Plaintiff E.J. is a class member in *CCWP v. USA*, No. 4:23-cv-04155-YGR, and when her attorneys visited Victorville, she disclosed the incident to her attorneys, whom she understands reported it to the monitor.

57. After her disclosure, her case manager, Officer Luhan, told her that if she did not retract her statement, then he would deny her halfway house request.

58. She then retracted the statement, and her request to go to a halfway house was granted.

59. Plaintiff E.J. is in BOP custody with an expected release date of May 24, 2026.

### EXHAUSTION

60. On February 2, 2026, Plaintiff E.J., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

61. The BOP acknowledged receipt on February 6, 2026.

62. The BOP denied her claim on February 27, 2026.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

63. Plaintiff E.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

64. Plaintiff E.J. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Defendants Rodriguez, Williams, and Lewis.

65. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

66. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

67. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

68. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

69. Defendants Rodriguez, Williams, and Lewis discriminated against Plaintiff E.J. based on her gender when they repeatedly attempted to sexually abuse her.

70. By these attempts, Defendants Rodriguez, Williams, and Lewis caused Plaintiff E.J. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendants Rodriguez, Williams, and Lewis)**
**(Cal. Civ. Code § 52.4)**

71. Plaintiff E.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

72. Plaintiff E.J. brings this claim for gender violence under California Civil Code § 52.4 against Defendants Rodriguez, Williams, and Lewis.

73. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

74. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

75. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

76. Plaintiff has a nonfrivolous argument that Defendants Rodriguez, Williams, and Lewis bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

77. Defendants Rodriguez, Williams, and Lewis discriminated against Plaintiff E.J. based on her gender when they repeatedly attempted to sexually abuse her.

78. By these attempts, Defendants Rodriguez, Williams, and Lewis caused Plaintiff E.J. physical, mental, and emotional injuries as well as injury to her personal dignity.

### THIRD CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant United States)
### (FTCA; California Common Law)

79. Plaintiff E.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

80. Plaintiff E.J. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employees, Defendants Rodriguez, Williams, and Lewis.

81. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

82. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

83. Defendants Rodriguez, Williams, and Lewis violated Plaintiff E.J.'s right to be free from sexual assault by repeatedly attempting to sexually abuse her while she was incarcerated.

84. During each incident, Plaintiff E.J. was placed in imminent fear that she would be sexually battered.

85. Defendants Rodriguez, Williams, and Lewis's attempts to sexually abuse Plaintiff E.J. were deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

86. Defendants Rodriguez, Williams, and Lewis subjected Plaintiff E.J. to these attempts with the intent to cause a harmful or offensive contact with Plaintiff E.J.'s person.

87. By intentionally subjecting Plaintiff E.J. to attempts to sexually abuse her, Defendants Rodriguez, Williams, and Lewis acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

88.    By repeatedly subjecting Plaintiff E.J. to attempts to sexually abuse her, Defendants Rodriguez, Williams, and Lewis caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

## FOURTH CLAIM FOR RELIEF
## SEXUAL ASSAULT
### (against Defendants Rodriguez, Williams, and Lewis)
### (California Common Law)

89.    Plaintiff E.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

90.    Plaintiff E.J. brings this claim for sexual assault under California common law against Defendants Rodriguez, Williams, and Lewis.

91.    Plaintiff E.J. has a nonfrivolous argument that Defendants Rodriguez, Williams, and Lewis bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

92.    Defendants Rodriguez, Williams, and Lewis violated Plaintiff E.J.'s right to be free from sexual assault by repeatedly attempting to sexually abuse her while she was incarcerated.

93.    During each incident, Plaintiff E.J. was placed in imminent fear that she would be sexually battered.

94.    Defendants Rodriguez, Williams, and Lewis's attempts to sexually abuse Plaintiff E.J. were deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

95.    Defendants Rodriguez, Williams, and Lewis subjected Plaintiff E.J. to these attempts with the intent to cause a harmful or offensive contact with Plaintiff E.J.'s person.

96.    By intentionally subjecting Plaintiff E.J. to attempts to sexually abuse her, Defendants Rodriguez, Williams, and Lewis acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

97.    By repeatedly subjecting Plaintiff E.J. to attempts to sexually abuse her, Defendants Rodriguez, Williams, and Lewis caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

## FIFTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant United States)
### (FTCA; California Common Law)

98.     Plaintiff E.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

99.     Plaintiff E.J. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendants Rodriguez, Williams, and Lewis.

100.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

101.    Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

102.    Defendants Rodriguez, Williams, and Lewis engaged in outrageous conduct by repeatedly attempting to subject Plaintiff E.J. to sexual acts while she was incarcerated as a prisoner in their employer's custody. They abused their authority over Plaintiff E.J. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

103.    Defendants' sexual abuse caused Plaintiff E.J. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

104.    Defendants intended to cause Plaintiff E.J. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

## SIXTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendants Rodriguez, Williams, and Lewis)
### (California Common Law)

105.    Plaintiff E.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

106.    Plaintiff E.J. brings this claim for the intentional infliction of emotional distress against Defendants Rodriguez, Williams, and Lewis.

107.    Plaintiff E.J. has a nonfrivolous argument that Defendants Rodriguez, Williams, and Lewis bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

108.    Defendants Rodriguez, Williams, and Lewis engaged in outrageous conduct by repeatedly attempting to subject Plaintiff E.J. to sexual acts while she was incarcerated as a prisoner in their employer's custody. They abused their authority over Plaintiff E.J. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

109.    Defendants Rodriguez, Williams, and Lewis's sexual abuse caused Plaintiff E.J. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

110.    Defendants Rodriguez, Williams, and Lewis intended to cause Plaintiff E.J. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

### SEVENTH CLAIM FOR RELIEF
### BANE ACT
### (against all Defendants)
### (FTCA; Cal. Civ. Code § 52.1)

111.    Plaintiff E.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

112.    Plaintiff E.J. was in the custody and control of the United States during all relevant times.

113.    Defendants Rodriguez, Williams, and Lewis violated Plaintiff E.J.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

114. Plaintiff E.J. has a nonfrivolous argument that Defendants Rodriguez, Williams, and Lewis bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

115. Defendant United States, by the actions of its employees Defendants Rodriguez, Williams, and Lewis, interfered with Plaintiff E.J.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

116. As a proximate result of these acts, Plaintiff E.J. sustained damage and injury.

### EIGHTH CLAIM FOR RELIEF
### TRAFFICKING VICTIMS PROTECTION ACT
### (against all Defendants)
### (18 U.S.C. § 1581, *et seq.*)

117. Plaintiff E.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

118. Defendants Rodriguez, Williams, and Lewis knowingly recruited, enticed, and solicited Plaintiff E.J. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

119. Defendants Rodriguez, Williams, and Lewis made Plaintiff E.J. engage in sex acts through force and coercion.

120. Plaintiff E.J. has a nonfrivolous argument that Defendants Rodriguez, Williams, and Lewis bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

121. This conduct has caused Plaintiff E.J. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

### NINTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.5)

122.    Plaintiff E.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

123.    Defendants Rodriguez, Williams, and Lewis knowingly recruited, enticed, and solicited Plaintiff E.J. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

124.    Defendants Rodriguez, Williams, and Lewis attempted to make Plaintiff E.J. engage in sex acts through force and coercion.

125.    Defendant United States employed Defendants Rodriguez, Williams, and Lewis whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

126.    This conduct has caused Plaintiff E.J. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

### TENTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendants Rodriguez, Williams, and Lewis)
### (Cal. Civ. Code § 52.5)

127.    Plaintiff E.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

128.    Defendants Rodriguez, Williams, and Lewis knowingly recruited, enticed, and solicited Plaintiff E.J. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

129.    Defendants Rodriguez, Williams, and Lewis attempted to make Plaintiff E.J. engage in sex acts through force and coercion.

130.    Plaintiff E.J. has a nonfrivolous argument that Defendants Rodriguez, Williams, and Lewis bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

131.    This conduct has caused Plaintiff E.J. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## PRAYER FOR RELIEF

132.    Plaintiff E.J. prays for judgment against Defendant, and each of them, as follows:

(a)    An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff E.J. in an amount to be determined at trial;

(b)    An award to Plaintiff E.J. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c)    For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff E.J. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 18, 2026

SIEGEL, YEE, BRUNNER & MEHTA

By:_____
      EmilyRose Johns

GOLDEN LAW

By: /s/ *Deborah M. Golden*
      Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*